**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4866**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRANCE DEANGELO HAMLIN,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, Senior District Judge. (8:15-cr-00378-RWT-1)

Submitted: October 31, 2017                         Decided: November 14, 2017

Before TRAXLER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Meghan Skelton, Appellate Attorney, Greenbelt, Maryland, for Appellant. Stephen M. Schenning, Acting United States Attorney, Joseph R. Baldwin, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Terrance Deangelo Hamlin of possession of firearms by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012); possession with intent to distribute crack cocaine and marijuana, in violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2 (2012); and possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1) (2012). On appeal, Hamlin challenges, pursuant to Fed. R. Evid. 404(b), the district court's admission of evidence concerning his 2013 cocaine possession conviction and the arrest for the conduct giving rise to that conviction. We affirm.

Rule 404(b) "provides that evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *United States v. Hall*, 858 F.3d 254, 265 (4th Cir. 2017) (alteration and internal quotation marks omitted). "Although 'other acts' evidence is not admissible to prove criminal propensity, such evidence 'may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.'" *Id.* at 266 (quoting Fed. R. Evid. 404(b)(2)). "To be admissible under Rule 404(b), the evidence must be (1) relevant to an issue other than the general character of the defendant, (2) necessary to prove an essential claim or element of the charged offense, and (3) reliable." *United States v. Sterling*, 860 F.3d 233, 246 (4th Cir. 2017). "The government bears the burden of establishing that evidence of a defendant's prior bad acts is admissible for a proper purpose." *Hall*, 858 F.3d at 266. "Additionally, Rule 403 demands that the evidence's

2

probative value not be substantially outweighed by its unfair prejudice to the defendant." *Sterling*, 860 F.3d at 246-47; *see also United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997) (listing criteria for finding prior-act evidence admissible under Fed. R. Evid. 403 and 404(b)). We review for abuse of discretion a district court's decision to admit evidence regarding a defendant's prior conduct under Rule 404(b), *Hall*, 858 F.3d at 264, "and will not reverse a district court's decision . . . unless it was arbitrary or irrational," *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016) (internal quotation marks omitted).

In this case, the Government introduced prior-act evidence concerning Hamlin's 2013 conviction for cocaine possession. The Government sought to introduce this evidence to show Hamlin's knowledge and intent to commit the charged offenses. Although Hamlin pled guilty in 2013 only to possessing a controlled substance, the Government provided officer testimony about the circumstances surrounding that conviction, which showed that officers previously arrested Hamlin for carrying the same drug, in similar packaging, while carrying a firearm, in the same neighborhood as the instant offenses. Having reviewed the record in light of the applicable standards, we conclude that the district court did not abuse its discretion by admitting the challenged evidence and that the probative value of the evidence was not substantially outweighed by unfair prejudice to Hamlin. *See Sterling*, 860 F.3d at 246-48; *see also Hall*, 858 F.3d at 269.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*